18-5475UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARNIKA ARMSTEAD,

                Plaintiff,

     v.

DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. C18-5475 RBL-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint. Dkt. 1-1. Plaintiff, an inmate at the Washington Corrections Center for Women, has been granted leave to proceed *in forma pauperis*.

Plaintiff names as defendants the Washington State Department of Corrections ("DOC"), Sgt. K.C. Ebel and Corrections Officer Zorowski (a.k.a. Zurawski). Dkt. 1-1. Plaintiff asserts that she was granted permission to obtain personal hygiene items during a lock-down by defendant Zorowski. Dkt. 1-1 at 3. Plaintiff asserts that while she was obtaining those items, defendant Ebel entered her unit and was "belligerent and abusive," was "yelling, spitting and using abusive language," and "attacked me with both hands." *Id*. As discussed below, DOC is not a proper defendant in this case, and plaintiff has not alleged the personal participation of defendant Zorowski in a violation of her constitutional rights. In addition, plaintiff's complaint indicates that she has not yet exhausted her administrative remedies .

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

In light of the deficiencies in the complaint discussed herein, the Court will not direct service of the complaint at this time. However, plaintiff will be provided the opportunity by the date set forth below to show cause why the complaint should not be dismissed or to file an amended complaint that corrects these deficiencies.

**DISCUSSION**

**A. Legal Standard**

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). To satisfy this second prong, a

plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B. Improper Defendant**

Plaintiff names DOC as one of the three defendants in her complaint. DOC is not a proper defendant in a § 1983 action. Neither a state, nor a governmental agency that is an arm of the state is a "person" for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990). A state's Department of Corrections is an arm of the state for purposes of determining whether it can be a defendant in a § 1983 claim. *See Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm of the state and therefore not a person for § 1983 purposes). Accordingly, plaintiff may not bring a claim against DOC.

**C. Personal Participation**

Plaintiff must allege facts demonstrating the personal participation of each named defendant in causing the harm she alleges. *Arnold*, 637 F.2d at 1355. While plaintiff alleges specific conduct with respect to defendant Ebel, she has not done so with respect to defendant Zorowski. Plaintiff alleges only that defendant Zorowski gave her permission to obtain personal hygiene items. Dkt. 1 at 3. She makes no assertion that defendant Zorowoski violated her constitutional rights, or in any way participated in actions that violated her rights. In order to state a claim against defendant Zorowski, plaintiff must allege specific acts or failures to act that constitute a violation of plaintiff's constitutional rights.

**C. Exhaustion**

Finally, it appears from the face of the complaint that plaintiff has not exhausted her administrative remedies. The Prison Litigation Reform Act (PLRA) requires inmates to exhaust

all administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust her administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of her claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120.

Plaintiff indicates in her complaint that there is a grievance procedure available to her at the Washington Corrections Center for Women and that she filed a grievance, but the grievance procedure was not yet completed at the time she filed her complaint. Dkt. 1-1, p. 2. Accordingly, it appears that plaintiff has brought this claim prematurely and it is subject to dismissal without prejudice. Plaintiff is directed to show cause why her complaint should not be dismissed on this basis, or to submit with her amended complaint evidence that she has completed the grievance process.

**CONCLUSION**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 7, 2018**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 9th day of August, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5