UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARNIKA ARMSTEAD,

                Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS,

                Defendants.

Case No. C18-5475-RBL-TLF

ORDER DENYING MOTION FOR COUNSEL AND RENOTING MOTION FOR SUMMARY JUDGMENT

      Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 21, 2019, defendants filed a motion for summary judgment. Dkt. 18. On April 2, 2019, plaintiff filed a motion seeking court appointed counsel. Dkt. 27. Defendants oppose plaintiff's motion for counsel. Dkt. 28. To date plaintiff has not filed opposition to defendants' motion for summary judgment.

      The plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

      The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

ORDER DENYING MOTION FOR COUNSEL AND
RENOTING MOTION FOR SUMMARY JUDGMENT - 1

involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff states in her motion that she is unemployed and does not have the resources to pay for an attorney. Dkt. 27, at 2. She also indicates she attempted to obtain counsel through the ACLU and the Washington State Bar Association. *Id.* The inability to obtain counsel due to cost or lack of availability, however, is not an exceptional circumstance that necessarily requires the appointment of counsel at government expense. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998).

Plaintiff has not shown that her claims are particularly complex or that she is unable to articulate the factual basis of her claims *pro se*. The record (including a serviceable complaint) demonstrates the plaintiff has an adequate understanding of her case and the legal issues involved as well as sufficient ability to articulate the factual basis of the claim. The Court also notes that plaintiff's claims relate to an alleged assault and, on the face of the complaint, do not appear to involve particularly complex factual or legal issues.

Plaintiff does not demonstrate an inability to present her claims to this Court without counsel. Plaintiff's motion for appointment of counsel (Dkt. 27), therefore, is **DENIED without prejudice**.

However, because plaintiff is proceeding *pro se* and it appears may have delayed responding to defendants' motion for summary judgment due to her pending motion for counsel, the Court will grant plaintiff an extension of time to file a response to defendants' motion for summary judgment. Plaintiff is directed to file a response to defendants' motion for summary judgment on **or before May 17, 2019**. Defendants may file a reply to plaintiff's response **on or before May 24, 2019**. The Clerk is directed to **renote defendants' motion for summary judgment (Dkt. 18) to May 24, 2019**.

The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 29th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge